1   Dan E. Chambers (State Bar No. 156853)
    RUTAN & TUCKER, LLP
2   611 Anton Boulevard, Fourteenth Floor
    Costa Mesa, California 92626-1931
3   Telephone: 714-641-5100
    Facsimile: 714-546-9035
4
    Attorneys for Plaintiff
5   SG SERVICES, INC.

```
               FILED
    CLERK, U.S. DISTRICT COURT

           MAR 19 2004

    CENTRAL DISTRICT OF CALIFORNIA
    BY                      DEPUTY
```

10

                    UNITED STATES DISTRICT COURT

            CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 11  SG SERVICES, INC., | Case No. LACV03-6610 SVW (SHSx) |
| 12       Plaintiff, | [PROPOSED] |
| 13       v. | CONSENT DECREE |
| 14  MICHAEL O'NEILL; CHAD GRANT; GWINETH LISTON; and DOES 1 | Date Action Filed:  September 15, 2003 |
| 15  through 10, inclusive, | Trial Date:  None Set |
| 16       Defendants. | |

18       In the above-entitled action, Plaintiff SG SERVICES, INC. ("Plaintiff") and

19  Defendants MICHAEL O'NEILL (herein "O'Neill") and GWINETH LISTON

20  (herein "Liston") (sometimes collectively referred to herein as "Defendants") having

21  stipulated, pursuant to a written Settlement Agreement and Mutual Release of All

22  Claims (the "Settlement Agreement"), that judgment be entered permanently

23  enjoining Defendants from certain conduct;

24       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment

25  be entered as follows:

26  ///

27  ///

28  ///

```
DOCKETED ON CM

    MAR 22 2004

BY              011
```

Priority ✓
Send
Enter
Closed
JS-5/JS-6  NO
JS-2/JS-3
Scan Only

1.    This Court has jurisdiction over the subject matter of this action and in personam jurisdiction over Defendants.  Venue is proper in this Court.

2.    In accordance with Federal Rule of Civil Procedure 65(d), Defendants, and each of their officers, directors, agents, servants, employees, attorneys, representatives, predecessors, successors and assigns, and those persons, firms or corporations acting in active concert or participation with one or more of them who receive actual notice of this Consent Decree by personal service or otherwise, are hereby permanently enjoined and restrained from violating any of the exclusive rights in the copyrighted works which form the subject matter of this action, absent express written permission from the Plaintiff, including but not limited to reproducing, preparing derivative works or displaying any computer source code protected by any of Plaintiff's United States Copyright  Registrations, or which are the subject of Plaintiff's copyright applications filed with the Register of Copyrights of the Library of Congress, provided that a copyright is actually issued.

3.    In the event that O'Neill and/or Liston develop or launch an internet website within the next three (3) years from the date of the entry of this Consent Decree, O'Neill and/or Liston shall give written notice to Plaintiff's counsel of record in this action, Dan E. Chambers, Rutan & Tucker, LLP, 611 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-1931, telephone (714) 641-5100, fax (714) 546-9035, of his or her intent to develop or launch the website at least thirty (30) days prior to the planned launch of the website.  Upon receipt of that written notice, Plaintiff shall, upon reasonable advance notice, have the right, at its sole expense, to retain an independent third-party representative to audit and inspect the computer system, system architecture, all hardware and software, and all object and source code to be used in connection with the proposed website prior to the launch of the website and thereafter at one-year intervals for a period ending three (3) years from the date hereof, for the sole purpose to determine if any of Plaintiff's copyrights have been infringed by Defendants.  O'Neill and/or Liston shall allow

1  access to the proposed website's computer system, system architecture, all hardware

2  and software, and all object and source code to be used in connection with the

3  proposed website in a manner sufficient for Plaintiff's representative to confirm

4  Defendants' compliance with the terms and conditions of this Consent Decree.

5  Plaintiff's representative shall execute a confidentiality agreement prior to the

6  commencement of the audit and inspection in a form acceptable to Plaintiff and

7  Defendants with respect to any confidential or proprietary material of Defendants

8  that Plaintiff's representative may have access to as part of the audit and inspection.

9  The representative shall have the opportunity, and shall be provided with the

10  necessary equipment and facilities to make copies, in any form, of all object and

11  source code utilized to operate Defendants' proposed website as deemed necessary

12  by the representative in order to verify Defendants' compliance with the terms of

13  this Consent Decree.  All such copies obtained by the representative in connection

14  with the audit and inspection shall be returned to Defendants immediately upon

15  completion of the audit and inspection.  No copies of any materials obtained in

16  connection with the audit and inspection shall be retained by the representative after

17  completion of the audit and inspection, and the representative shall provide written

18  confirmation that no such copies have been retained by the representative nor

19  provided to Plaintiff or its counsel.

20      4.      The remaining claims between Plaintiff, on the one hand, and

21  Defendants, on the other hand, are hereby dismissed with prejudice.  The claims

22  against Defendants Chad Grant and Does 1 through 10, inclusive, shall remain.

23      5.      This judgment shall be effective and enforceable to the fullest extent

24  possible under the laws of the United States of America.

25      6.      Each party shall bear its own costs and expenses, including attorneys'

26  fees, arising out of this litigation.

27      7.      This judgment shall be binding upon and inure to the benefit of the

28  parties hereto, and all successors and assigns, corporations, partners, companies,

1    officers, directors, shareholders, agents, and affiliates of the parties.

2         8.    Notwithstanding any other provision herein, this Court shall retain

3    jurisdiction of this action to enforce this Judgment and the Settlement Agreement

4    entered into between the parties.

5         9.    In the event that any part of this judgment is violated by any party, their

6    officers, directors, agents, servants, employees, attorneys, representatives,

7    predecessors, successors, and assigns, and those persons, firms, or corporations

8    acting in active concert or participation with one or more of them who receive actual

9    notice of this Consent Decree by personal service or otherwise, the other party may,

10   with proper notice, file a motion for contempt and seek attorneys' fees, costs and/or

11   all other appropriate relief.

12        10.   This Consent Decree shall terminate three (3) years after the date it is

13   entered by the Court.

14

15   Dated: _____, 2003    _____

16                                         STEPHEN V. WILSON
                                           United States District Judge

17

18   **WE AGREE TO THE FOREGOING JUDGMENT:**

19   Plaintiff:

20   Dated: _December_ _31_, 2003    SG SERVICES, INC.

21

22                                    By: _____
                                          Sean Suh
23                                        Its: President

24   Defendants:

25   Dated: _____, 2003    [signature on following page]
                                          Michael O'Neill
26

27   Dated: _____, 2003    [signature on following page]
                                          Gwineth Liston
28

Rutan & Tucker LLP
attorneys at law

2186/023019-0001
453280.04 a12/19/03                    -4-

1  officers, directors, shareholders, agents, and affiliates of the parties.

2        8.    Notwithstanding any other provision herein, this Court shall retain

3  jurisdiction of this action to enforce this Judgment and the Settlement Agreement

4  entered into between the parties.

5        9.    In the event that any part of this judgment is violated by any party, their

6  officers, directors, agents, servants, employees, attorneys, representatives,

7  predecessors, successors, and assigns, and those persons, firms, or corporations

8  acting in active concert or participation with one or more of them who receive actual

9  notice of this Consent Decree by personal service or otherwise, the other party may,

10 with proper notice, file a motion for contempt and seek attorneys' fees, costs and/or

11 all other appropriate relief.

12      10.    This Consent Decree shall terminate three (3) years after the date it is

13 entered by the Court.

14

15 Dated: _March 18_ , 2003               _____

16                                   STEPHEN V. WILSON
                                  United States District Judge

17

18 **WE AGREE TO THE FOREGOING JUDGMENT:**

19 Plaintiff:

20 Dated: _____ , 2003      SG SERVICES, INC.

21

22                              By:_____
                                  Sean Suhl

23                                   Its:  President

24 Defendants:

25 Dated: _12/28_ , 2003

26                                   Michael O'Neill

27 Dated: _12/28_ , 2003

28                                     Gwineth Liston

Rutan & Tucker LLP
attorneys at law

**PROOF OF SERVICE BY MAIL**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.

On January 26, 2004, I served on the interested parties in said action the within:

**[PROPOSED] CONSENT DECREE**

by placing a true copy thereof in a sealed envelope addressed as stated below:

> William Jarblum, Esq.
> Law Offices of William Jarblum
> 433 North Camden Drive, #888
> Beverly Hills, CA  90210

In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice I deposited such envelope in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business. If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope was posted and placed in the United States mail at Costa Mesa, California, that same date. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January 26, 2004, at Costa Mesa, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Linda Cauble
(Type or print name)

(Signature)

2186/-
0 0 a00/00/00