FILED
CLERK, U.S. DISTRICT COURT
NOV 23 2004
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

DOCKETED ON CM
NOV 24 2004
002

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SG SERVICES, INC., | ) | CV 03-6610 SVW (SHSx) |
| Plaintiff, | ) | ORDER RE: EVIDENTIARY HEARING |
| v. | ) | |
| MICHAEL O'NEILL; CHAD GRANT; GWINETH LISTON; and DOES 1 through 10, inclusive, | ) | Priority ✓<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>JS-2/JS-3<br>Scan Only |
| Defendants. | ) | |

    This case returns to this Court on Defendant Chad Grant's Motion to Vacate Default Judgment and to Set Aside Entry of Judgment. In conjunction with the Motion, the parties have each submitted certain sworn declarations detailing the events of November 15, 2003, the date Defendant was purportedly personally served with process in this case.

    Plaintiff has submitted the declaration of Robert Hansell, the process server who allegedly served Defendant, stating that Defendant was at home on November 15, 2003, and was personally served at approximately 5:55 p.m.

    Defendant has submitted four relevant declarations. First, in connection with Defendant's Motion to Vacate Default Judgment, Defendant submitted his own declaration, stating that he was at work at Von's at the time he was allegedly personally served, and that his wife found the summons and complaint outside their apartment door.

37

Second, in connection with Defendant's Motion to Vacate Default Judgment, Defendant has submitted the declaration of his wife, Danielle Grant, in which she stated that on November 15, 2003, Defendant was helping a friend move, that she and Defendant were out eating dinner with the friend during the time Defendant was allegedly personally served, and that upon arriving home together, they discovered the summons and complaint outside their apartment door. Third, in connection with Defendant's reply memorandum, Defendant has submitted his own "reply declaration," in which he now states that he was helping his friend move, and was out eating dinner with his friend and his wife at the time he was allegedly personally served. Finally, in connection with Defendant's reply memorandum, Defendant has submitted the declaration of Tim Quirk, who alleges that Defendant helped him move on November 15, 2003.

   Plaintiff has filed a request, pursuant to Local Rule 7-8, to cross-examine declarants Chad M. Grant and Danielle Grant at the November 29 hearing on Grant's motion. Local Rule 7-8 provides as follows:

> On motions for and orders to show cause re preliminary injunctions, motions to be relieved from default and other motions where an issue of fact is to be determined (*e.g.*, civil contempt, but excluding motions contesting venue and personal jurisdiction), not later than ten (10) calendar days prior to the hearing, a party desiring to cross-examine any declarant who is not beyond the subpoena power of the Court and who is reasonably available to the party offering the declaration may serve by hand (or facsimile) and file a notice of request to cross-examine such declarant. If the party offering the declaration disputes that

1 the declarant is within the subpoena power of the Court and
2 reasonably available to the offering party, such party shall
3 serve and file an objection to the notice of request to cross-
4 examine not later than seven (7) calendar days prior to the
5 hearing.  No declaration of a declarant with respect to whom such
6 a request has been granted shall be considered unless such
7 declarant is personally present and available at the hearing for
8 such cross-examination as the Court may permit.  The Court may,
9 in the alternative, order that the cross-examination be done by
10 deposition taken on two (2) calendar days' notice with the
11 transcript being lodged two (2) court days prior to the hearing.
12 The Court may impose sanctions pursuant to these Local Rules
13 against any party or counsel who requests the presence of any
14 declarant without a good-faith intention to cross-examine the
15 declarant.
16 L.R. 7-8.
17    The instant motion is a motion to be relieved from default, which
18 places it within the purview of Local Rule 7-8.  Defendant's
19 opposition, which argues that "the request does not apply to a motion
20 challenging the court's jurisdiction," is inapposite.  Although
21 Defendant argues that he was never properly served with process in
22 this case, Defendant's argument is that the default judgment was void,
23 not that the Court lacks jurisdiction to hear the case.  As such,
24 Local Rule 7-8 applies, and Plaintiff's request [34] is GRANTED.
25    In addition, the sworn declarations in this case contain serious
26 discrepancies, as detailed above, which require the Court to weigh
27 credibility in order to make a determination on Defendant's Motion to
28 Vacate Default Judgment.  Thus, the Court will conduct an evidentiary

1  hearing at the November 29, 2004 hearing on Defendant's Motion. To
2  that end, the parties are ORDERED to produce each of their declarants
3  at the November 29, 2004 hearing. Plaintiff is ORDERED to produce its
4  declarant, Robert Hansell; and Defendant is ORDERED to produce his
5  declarants, Chad Grant, Danielle Grant, and Tim Quirk. Failure to
6  produce a declarant will result in his or her declaration being
7  stricken. Further, if Defendant and declarant Chad Grant fails to
8  appear, his Motion to Vacate Default Judgment will be DENIED.

10  IT IS SO ORDERED.

12  DATED: 11/23/04

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE